Smith, J.
(dissenting). The Appellate Division correctly held that defendants could be criminally prosecuted for releasing hazardous substances and polluting the air to such an extent that the public was endangered. Its order should be affirmed. Accordingly, I dissent.
On March 8, 1988, an inspector for the State Department of Environmental Conservation (DEC), visited Chemetron, the manufacturing plant owned by defendant Allied Health Care Products, Inc. located in Columbia County. Defendant Allied manufactured Baralyme, a carbon dioxide absorbent composed of barium and lime. Subsequently, Allied was informed that because of the emission of several "air contamination source[s],” a certificate from DEC was required to operate the plant. That requirement, for a permit to operate this type of plant, had been in effect since the early 1970s. By letter dated April 28, 1988, an application was submitted to DEC for a permit to allow Allied to modify its plant equipment to correct the problems identified in the DEC report. The permit was granted by DEC in April 1989.
During the time that the Chemetron plant was being inspected, an investigator for DEC’S Bureau of Environmental Conservation, Joseph Conroy, was assigned to investigate the *36 emissions at Chemetron. That investigation consisted of interviewing various witnesses, inspecting areas in the general vicinity of Allied’s plant, and executing a warrant to search the plant and Allied’s records. The investigation revealed that the manufacturing process engaged in at Chemetron resulted in the venting of hazardous substances to the outside of the building. The hazardous substances were mixtures of chemicals, including barium hydroxide, that contained barium levels greater than 100 milligrams per liter, which levels are considered hazardous under New York law.
The latter DEC investigation culminated in a five-count Grand Jury indictment in January 1990. The indictment charged defendants Allied, Ringer, and the vice-president in Allied’s St. Louis, Missouri, office, who also supervised operations at the Chemetron plant, William Doering, with (1) endangering public health, safety or the environment in the second degree, in violation of ECL 71-2713 (5),[1] (2) endangering public health, safety or the environment in the third degree, in violation of ECL 71-2712 (2),[2] (3) endangering public health, safety or the environment in the third degree, in violation of ECL 71-2712 (4),[3] (4) air pollution, in violation of ECL 71-2105[4] *37 and 6 NYCRR 211.2, and (5) operating an air contamination source without a certificate, in violation of ECL 71-2105 and 6 NYCRR 201.2 (b).
County Court, Columbia County, granted defendants’ motion to dismiss the indictment against them, concluding that the conduct alleged in the indictment was authorized by 6 NYCRR 201.2 (c). The Appellate Division modified, on the law, by reversing so much of the County Court’s order as dismissed counts 1 through 4 of the indictment, reinstating those counts, and remitting the matter to County Court for further proceedings and, as so modified, affirmed (174 AD2d 246). The Court held that "the mere authorization under 6 NYCRR 201.2 (c) to operate an air contamination source during the pendency of an application to operate cannot be interpreted to authorize the creation of the far more dangerous condition the regulations define as air pollution” (id., at 251). The Court also noted that "[t]he language of the statute and regulations spells out what is allowed and what is prohibited with a reasonable degree of certainty, and this is sufficient to overcome any due process objection” (id., at 251). A Judge of this Court granted leave to appeal (79 NY2d 997).
The issue presented is whether the Appellate Division properly held that although 6 NYCRR 201.2 (c) authorized defendants to continue operation of an air contamination source pending an application for a permit, defendants could still be criminally prosecuted for releasing air pollution or other hazardous substances that endanger the public.
*38 Defendants contend that the conduct charged in every count of the indictment is authorized by a regulation, 6 NYCRR 201.2 (c),[5] and the Appellate Division erred in reversing the dismissal of four counts in the indictment. The People argue that the Appellate Division correctly concluded that 6 NYCRR 201.2 (c), which governs permits to operate air contamination sources, does not authorize air pollution or the release of hazardous substances into the environment.
There are several reasons why defendants’ prosecution is not prohibited here. First, the plain language of the Endangering statutes (ECL 71-2713 [5]; 71-2712 [2], [4]),[6] which defendants are charged with violating in the first three counts of the indictment, prohibits the knowing or reckless release of hazardous substances. ECL 71-2105, which defendants are also charged with violating, in count 4 of the indictment, prohibits the violation of any of the provisions of article 19, the Air Pollution Control Act, or any code, rule or regulation promulgated pursuant thereto.
Second, the plain language of the regulation (6 NYCRR 201.2 [c]) which defendants contend prohibits their prosecution says absolutely nothing about permitting or continuing hazardous emissions.
Third, the history of 6 NYCRR 201.2 (b) and (c) indicates that they are related and designed to correct a specific problem. Specifically, 6 NYCRR 201.2 (b) states that with limited exceptions, "no person shall operate an air contamination source without having a valid certificate to operate issued by the commissioner.” Section 201.2 (c) permits an ongoing operation to continue while a certificate is being applied for. It does not permit the violation of the Endangering statutes. Moreover, section 201.2 (c) is a regulation that became effective in 1972, well before the Endangering statutes became effective in 1986.
Fourth, the language of two sections of the regulations makes clear that these prosecutions are not prohibited. Thus, 6 NYCRR 200.6 expressly prohibits air pollution caused by *39 emissions from an air contamination source and states that "[notwithstanding the provisions of this Subchapter, no person shall allow or permit any air contamination source to emit air contaminants in quantities which alone or in combination with emissions from other air contamination sources would contravene any applicable ambient air quality standard and/or cause air pollution.” In addition, 6 NYCRR 211.2[7] prohibits emissions which are injurious to life.
Defendants also argue that ECL 71-2720 (2) exempts them from prosecution during the pendency of their application for a certificate to operate their air contamination source. The People contend that ECL 71-2720 (2) does not apply to defendants’ conduct because defendants’ air contamination sources were not exempt from State licensing regulations.
ECL 71-2720 (2) provides, in part:
”[N]o person who meets the requirements for an exemption from a New York state or federal license, permit, certificate or order shall be deemed in violation of sections 71-2707 through 71-2714 for engaging in conduct which would otherwise require such a license, permit, certificate or order.”
6 NYCRR 201.2 (a) states that "[e]xcept as provided in section 201.6 of this Part, no person shall commence construction of an air contamination source or proceed with a modification without having a valid permit to construct issued by the commissioner.” Section 201.6 expressly outlines the types of air contamination sources for which the owners or operators are exempt from the State licensing regulations. This Court has held that "where * * * [a] statute describes the particular situations in which it is to apply, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded’ ” (Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208-209). Defendants do not meet the requirements for any of the exemptions from a New York State permit or certificate listed in 6 NYCRR 201.6. Rather, defendants were obligated to and did apply for *40 a permit to operate their air contamination source. Thus, ECL 71-2720 (2) does not serve to shield defendants from criminal prosecution. Defendants’ assertion that 6 NYCRR 201.2 (c) supplies an additional exemption should be rejected.
Defendants argue further that the statutes and regulations as interpreted by the Appellate Division fail to provide the clear and unambiguous notice that is required for all criminal prohibitions. The People contend that the Appellate Division correctly found that the regulations and statutes provide clear notice of prohibited acts sufficient to meet due process requirements.
The statutory and regulatory provisions in this case clearly permit the owners or operators of air contamination sources to operate their sources during the pendency of an application for a certificate to operate, and prohibit air pollution or the emission of hazardous substances into the environment. Thus, the language of the statutes and regulations provides fair notice of what conduct is prohibited and is sufficient to meet due process requirements (see, People v Illardo, 48 NY2d 408, 413).
Judges Kaye and Titone concur with Judge Bellacosa; Acting Chief Judge Simons concurs in a separate opinion in which Judge Hancock, Jr., concurs; Judge Smith dissents and votes to affirm in another opinion.
Order reversed, etc.

. ECL 71-2713 (5) provides, in part:
"A person is guilty of endangering public health, safety or the environment in the second degree when * * *
"5. [That person] knowingly engages in conduct which causes the release to the environment of more than one hundred gallons or one thousand pounds, whichever is less, of an aggregate weight or volume of a substance hazardous to public health, safety or the environment and such substance enters water”.

. ECL 71-2712 (2) provides, in part:
"A person is guilty of endangering public health, safety or the environment in the third degree when * * *
"2. [That person] recklessly engages in conduct which causes the release to the environment of more than two hundred gallons or two thousand pounds, whichever is less, of an aggregate weight or volume of a substance hazardous to public health, safety or the environment”.

. ECL 71-2712 (4) provides, in part:
"A person is guilty of endangering public health, safety or the environment in the third degree when * * *
"4. [That person] knowingly engages in conduct which causes the release to the environment of more than one hundred gallons or one thousand pounds, whichever is less, of an aggregate weight or volume of a substance hazardous to public health, safety or the environment.”

. ECL 71-2105 states:
"1. Except as provided in section 71-2113, any person who shall willfully violate any of the provisions of article 19 or any code, rule or regulation *37 promulgated pursuant thereto or any final determination or order of the commissioner made pursuant to article 19 shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than two hundred fifty dollars nor more than ten thousand dollars or by imprisonment for a term of not more than one year, or by both such fine and imprisonment, for each separate violation. Each day on which such violation occurs shall constitute a separate violation.
"2. No prosecution under this section shall be instituted until after final disposition of an appeal or review, if any, provided by section 19-0511.
"3. All prosecutions under this section shall be instituted by the commissioner and shall be conducted by the Attorney General in the name of the people of the state of New York.
"4. In the prosecution of any criminal proceeding under this section by the Attorney General and, in any proceeding before a grand jury in connection therewith, the Attorney General shall exercise all the powers and perform all the duties which the District Attorney would otherwise be authorized or required to exercise or perform, and in such a proceeding the District Attorney shall exercise such powers and perform such duties as are requested of him by the Attorney General.”

. 6 NYCRR 201.2 (c) provides, in part: "A person who owns or operates an existing air contamination source, but who does not have a certificate to operate, shall apply for a certificate to operate in accordance with the provisions of section 201.3 of this Part and shall be permitted to continue operation of such source until he receives written notification that his application has been disapproved with reasons stated for the disapproval.”

. See, nn 1, 2, and 3, supra.

. 6 NYCRR 211.2 states the following: "No person shall cause or allow emissions of air contaminants to the outdoor atmosphere of such quantity, characteristic or duration which are injurious to human, plant or animal life or to property, or which unreasonably interfere with the comfortable enjoyment of life or property. Notwithstanding the existence of specific air quality standards or emission limits, this prohibition applies, but is not limited to, any particulate, fume, gas, mist, odor, smoke, vapor, pollen, toxic or deleterious emission, either alone or in combination with others.”